IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**ROBERT H. GAUTREAUX, SR.**                                                                    **PLAINTIFF**

        v.                    Civil No. 6:10-CV-06002

**SHERIFF LARRY SANDERS; and
DEBORAH WASHINGTON, Department
of Human Services**                                                                                  **DEFENDANTS**

## MAGISTRATE JUDGE'S REPORT and RECOMMENDATION

Robert H. Gautreaux, Sr., an inmate at the Cummins Unit of the Arkansas Department of Correction, brings this civil rights action under 42 U.S.C. § 1983. He alleges that his constitutional rights were violated because of an illegal arrest and malicious prosecution and that the criminal charges against him should be dismissed (Doc. 1). Plaintiff is proceeding in forma pauperis and pro se.

The Plaintiff has also filed a Motion to Produce (Doc. 7), Motion for Temporary Stay (Doc. 9) and a Motion to Amend (Doc. 10).

**Background:**

The court has obtained the Plaintiff's court records from the Garland County clerk's office. It appears that the Plaintiff was charged with Nonsupport in Garland County Circuit Court case number 2006-283 on May 17, 2006. (See Criminal Docket, Exhibit 1) The Plaintiff was arrested on the charge on August 1, 2007 and entered a plea of guilty on August 27, 2007. The Plaintiff was sentenced to 8 years of supervised probation and ordered to pay restitution (Exhibit 1, p. 2).

AO72A
(Rev. 8/82)

Thomas Anderson, a probation officer with the Arkansas Department of Community Corrections filed a violation report on January 4, 2008, asserting that the Plaintiff had failed to report, failed to pay fees and failed to pay restitution as ordered. (See Exhibit 2)   The Garland County Prosecuting Attorney subsequently filed a Petition to Revoke against the Plaintiff on January 22, 2008 (See Exhibit 3) and a warrant was issued for the Plaintiff on January 28, 2008 (See Exhibit 4).  The Petition to Revoke was withdrawn after the Plaintiff served 27 days in jail but the Plaintiff was to continue on probation as previously ordered.  (See Exhibit 5).

On August 28, 2008, Ashley Barnes, a Probation Officer with the Department of Community Corrections, filed another violation report claiming the Plaintiff had failed to report, failed to pay fees, failed to pay restitution and failed to pay court cost. (See Exhibit 6).  The Prosecuting Attorney issued a Petition to Show Cause why the Plaintiff's probation should not be revoked (See Exhibit 7), the Circuit Court issued an Order (See Exhibit 7),  and a warrant was issued for the Plaintiff on September 9, 2008 (See Exhibit 9). It appears the Plaintiff was arrested on June 29, 2009 (See Exhibit 10). The Plaintiff was subsequently revoked after a hearing on July 27, 2009 and sentenced to 84 months in the Arkansas Department of Corrections on August 17, 2009, (See Exhibit 1) and a Judgment and Commitment Order was entered on August 21, 2009. (See Exhibit 11, Judgment of Conviction).

Plaintiff has now filed this 1983 action contending that the Defendant Larry Sander, with the Garland County Sheriff's Office arrested him on an illegal warrant on his original Non-support charge in 2007 (Doc. 1, p. 4) and that Deborah Washington, whom the Plaintiff contends

is with the Department of Human Services,[1] altered his child support payment record (Doc. 1, p.4) or failed to properly calculate the amount of child support due (Doc. 8, p. 1-2).[2]

**Discussion:**

Service in the present case has not been authorized and the court does not believe that service is appropriate. Pursuant to 28 U.S.C. § 1915A the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). On review, the Court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant who is immune from such relief. 28 U.S.C. § 1915A(b). *See also* 28 U.S.C. § 1915(e)(2)(B).

The Plaintiff entered a plea of guilty to his Felony Nonsupport charges on August 27, 2007 and received a suspended imposition of sentence and was ordered to pay restitution in the amount of $21, 215.15 to the Office of Child Support Enforcement. The State of Arkansas subsequently filed a Petition to Revoke the Plaintiff's suspended sentence. The Plaintiff was appointed a Public Defender, a hearing was conducted on August 17, 2009, and the Plaintiff was sentenced to 84 months in the Arkansas Department of Corrections. The Plaintiff did not appeal this sentence or file any post conviction motions and his Judgment is final. (See Exhibit 1)

This case is resolved by the United States Supreme Court case of *Heck v. Humphrey*.

---

[1]It does not appear that Deborah Wahington is with DHS but that she was a party collecting child support from the Plaintiff. The Arrears Summary is signed by Investigator Brenda L. Williams with the Office of Child Support Enforcement. (See Exhibit 12)

[2]The Plaintiff seeks to amend his complaint and add Jane Doe, Chancery Court Clerk, Ron Jones, Prosecuting Attorney, Mark Fraiser, Chief Public Defender and Cynthia Owens, Child Support Enforcement (Doc. 10).

Petitioner Roy Heck was convicted in Indiana state court of voluntary manslaughter for the killing of Rickie Heck, his wife, and is serving a 15-year sentence in an Indiana prison. While the appeal from his conviction was pending, petitioner, proceeding pro se, filed this suit in Federal District Court under 42 U.S.C. § 1983, naming as defendants respondents James Humphrey and Robert Ewbank, Dearborn County prosecutors, and Michael Krinoph, an investigator with the Indiana State Police. The complaint alleged that respondents, acting under color of state law, had engaged in an "unlawful, unreasonable, and arbitrary investigation" leading to petitioner's arrest; "knowingly destroyed" evidence "which was exculpatory in nature and could have proved [petitioner's] innocence"; and caused "an illegal and unlawful voice identification procedure" to be used at petitioner's trial.

The Heck Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [set aside]. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Heck v. Humphrey*, 512 U.S. 477, at 486-487 (1994).

When a state prisoner seeks damages in § 1983 suit, the district court must consider whether judgment would necessarily imply invalidity of conviction and, if it would, must dismiss case if plaintiff cannot demonstrate that conviction has already been invalidated. *See Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir.1995); *Housley v. Erwin,* 325 Fed.Appx. 474 (C.A.8 (Ark.),2009).

**AO72A**
**(Rev. 8/82)**

In the present case the Plaintiff is attacking the validity of the conviction contending that because the initial arrest in 2007 was illegal and that records were falsified the State should dismiss the charges of Nonsupport (Doc. 1). Specifically important is that the Plaintiff entered a plea of guilty to the Nonsupport charges on August 27, 2007 (See Exhibit 1).When the Plaintiff entered his plea he was not able to appeal the conviction. *See Redding v. State*, 293 Ark. 411, 738 S.W.2d 410 (1987), and A.R.Cr.P. Rule 36.1. A guilty plea forecloses a section 1983 claim of arrest without probable cause, *see Williams v. Schario*, 93 F.3d 527, 528-29 (8th Cir.1996) (per curiam); *Malady v. Crunk*, 902 F.2d 10, 11-12 (8th Cir.1990).

The Eighth Circuit has also held that the allegation that governmental actors falsified police reports and information at probable cause hearing *(See Rogers v. Adams*, 103 Fed. Appx. 63, (Neb. 2004)); or that alleging a conspiracy (*See Alexander/Ryahim v. Monroe*, 326 Fed. Appx. 977,(Ark. 2009)); or alleging false disciplinary charges (*See Davis v. Baughman*, 262 Fed. Appex. 728, (Ark. 2008)) would imply the invalidity of the conviction. The allegation that state actors falsified the monetary amount of the Plaintiff's back due support would clearly be a attack on the validity of the complaint.[3]

Since the Plaintiff's Judgment of Conviction has not been set aside his §1983 claim is not cognizable. The §1983 complaint can not substitute for a timely appeal. *See Arnold v. Wood*, 238 F.3d 992, 998 (8th Cir.2001); *Miller v. Norris* 247 F.3d 736, 740 (C.A.8 (Ark.),2001)

**Conclusion:**

---

[3]The court notes that the Arkansas statutory amount for a Class C felony Nonsupport charge is $10,000 ( See Ark. Code Anno. 5-26-401(b)(2)(B)) and that the Plaintiff's alleged arrearage was more than double the statutory amount.

For the reasons stated above, it is my recommendation that the evidence is insufficient to support a finding on Plaintiff's claims in this case and that the Plaintiff's claims are frivolous, malicious, and he fails to state a claim upon which relief may be granted.  I recommend the Plaintiff's Motion to Proceed IFP be DENIED and that if the Plaintiff fails to pay the proper filing fee within 14 days that the Complaint be dismissed without prejudice.

It is the further recommendation that the Plaintiff's Motion to Produce **(Doc. 7)**, Motion for Temporary Stay **(Doc. 9)** and a Motion to Amend **(Doc. 10)** be **DENIED** as **MOOT**.

**The Plaintiff  has fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 10th day of March 2010.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)